

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JEAN DESROULEAUX,

                            Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT, DET.
JOSEPH SALLUSTIO (Shield #4831),
A.D.A. PATRICIA GUNNING,

                            Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-3157 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Jean Desrouleaux ("Plaintiff" or "Desrouleaux") brings this action under 42 U.S.C. § 1983 and state law against Detective Joseph Sallustio ("Sallustio"), Assistant District Attorney Patricia Gunning ("Gunning"), and the City of New York ("the City") (collectively, "Defendants"). (Compl. ¶ 2 (Docket Entry # 1).) Plaintiff claims that Defendants violated his constitutional rights by subjecting him to false arrest and malicious prosecution. (Id. ¶ 30.) Defendants move for summary judgment. For the following reasons, the motion is GRANTED.

**I.    BACKGROUND**

On February 1, 2007, Dave Desrouleaux ("Dave"), Plaintiff's son, told his teacher that his father had sexually abused him. (Def. Mem. Ex. G (Docket Entry # 25) (police report).) The teacher immediately notified the Administration for Children's Services ("ACS"), which then contacted Sallustio, a detective in the NYPD Child Abuse Squad. (Def. 56.1 Stmt. ¶ 14 (Docket Entry # 25).) Sallustio interviewed Dave, who repeated the details of his abuse. (Id. ¶ 16.) After

1

the interview, a physician examined Dave and found no physical evidence of sexual abuse. (Pl. 56.1 Stmt. ¶ 16(f) (Docket Entry # 27).) Sallustio also questioned Dave's teacher, who indicated that Dave had reported his father's abuse to her. Finally, he spoke with Dave's mother, who stated that she had witnessed the abuse.[1] (Def. Mem. Ex. H.) Subsequently, Sallustio questioned and arrested Desrouleaux at the police precinct. According to Sallustio, Desrouleaux then admitted to sexually abusing his son. (Def. 56.1 Stmt. ¶ 17.) Desrouleaux, however, maintains that he made no such admission. (Pl. 56.1 Stmt. ¶ 17.) The record does not indicate whether Sallustio arrested Desrouleaux before or after Desrouleaux made the disputed statement. (Def. 56.1 Stmt. ¶ 18; Pl. 56.1 Stmt. ¶ 17.)

On February 2, 2007, Assistant District Attorney Gunning charged Desrouleaux with engaging in a course of sexual conduct against a child and endangering the welfare of a child. (Def. 56.1 Stmt. ¶ 19.) On March 28, 2007, a Kings County grand jury indicted Desrouleaux on all charges. (Pl. Mem. Ex. 6 (Docket Entry # 25).) Desrouleaux claims that, following the indictment, Gunning "attempted to secure perjured testimony against" him. (Pl. 56.1 Stmt. ¶ 19.) On March 4, 2008, the New York State Supreme Court dismissed the criminal charges. (Pl. 56.1 Stmt. ¶ 3.) The record does not indicate why the case was dismissed. Meanwhile, on February 13, 2007, ACS initiated a neglect and abuse proceeding against Desrouleaux in Kings County Family Court. (Def. 56.1 Stmt. ¶ 20.) On March 3, 2009, the family court found, by a preponderance of the evidence, that Desrouleaux had sexually abused his son Dave.

Desrouleaux filed this action on August 1, 2008 asserting the following § 1983 claims: (1) Sallustio violated his Fourth Amendment rights by subjecting him to false arrest without

---

[1] Plaintiff contests that the abuse Dave's mother claimed to have witnessed was not as severe as the abuse that Dave had reported. But, it is undisputed that she told Sallustio that she had witnessed some inappropriate touching of the type Dave described, even if she did not report seeing the full extent of the alleged abuse. (Pl. 56.1 Stmt. ¶ 16(e).)

2

probable cause, (2) Gunning maliciously prosecuted him in violation of his Fourth Amendment rights, and (3) the City maintained a custom or policy that led to the violation of his constitutional rights. Desrouleaux also claims that, under state law, all Defendants are liable for intentional infliction of emotional distress, and that the City and the NYPD negligently supervised and retained their employees.[2]

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). No genuine issue as to a material fact exists if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). When deciding a motion for summary judgment, the court must "construe the evidence in the light most favorable to the non-moving party and . . . draw all reasonable inferences in its favor." Trammell v. Keane, 338 F.3d 155, 161 (2d Cir. 2003). The party seeking summary judgment bears the initial burden of "demonstrating the absence of a genuine issue of material fact." Holcomb v. Iona College, 521 F.3d 130, 137 (2d Cir. 2008). To defeat the motion, the opposing party must then "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Id. at 137. "[C]onclusory statements, conjecture or speculation by the party resisting the motion will not defeat summary judgment." Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996) (citations omitted).

---

[2] Plaintiff withdrew all claims against the New York City Police Department, conceding that it is a non-suable agency of the City. (Pl. Mem. n. 1 (Docket Entry # 26).) Plaintiff further concedes his state law claims against all Defendants are barred because he failed to failed to file a timely notice of claim under New York General Municipal Law §§ 50(e) and 50(i).

3

## III. DISCUSSION

All of Desrouleaux's claims lack merit because Defendants had probable cause to undertake their challenged actions. The court considers each claim in turn.

### A. False Arrest Claim Against Sallustio

Desrouleaux's false arrest claim fails because Sallustio had probable cause to arrest him. "The Fourth Amendment right to be free from unreasonable search and seizures "includes the right to be free from arrest absent probable cause." Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006). It follows that, "the existence of probable cause is an absolute defense to a false arrest claim." Id. at 152. Probable cause exists when the arresting officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004). For example, an officer has probable cause to arrest if he or she receives information from "a putative victim or an eyewitness . . . unless the circumstances raise doubt as to the person's veracity." Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001).

It is undisputed that, prior to the arrest, Dave told Sallustio the details of his father's abuse, and Dave's mother told Sallustio that she had seen Desrouleaux inappropriately touching Dave. Desrouleaux offers no evidence that should have raised doubt as to Dave's or his mother's veracity. Id. at 70. Sallustio thus had probable cause to arrest Desrouleaux regardless of whether the arrest took place before or after Desrouleaux's statement, and regardless of whether Desrouleaux actually told Sallustio that he had abused his son. Because "[t]here can be no federal civil rights claim for false arrest where the arresting officer had probable cause," the

4

court grants Sallustio's motion for summary judgment on Desrouleaux's § 1983 false arrest claim. Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995).

In the alternative, Sallustio would be entitled to qualified immunity from suit. "Qualified immunity is an affirmative defense designed to protect the defendant public official not just from liability but also from suit . . . thereby sparing him the necessity of defending by submitting to discovery on the merits or undergoing a trial." Amore v. Novarro, 610 F.3d 155, 161 (2d Cir. 2010) (internal quotation marks omitted). An "arresting officer is entitled to qualified immunity [from a false arrest claim] as a matter of law if the undisputed facts and all permissible inferences favorable to the plaintiff show . . . that it was objectively reasonable for the officer to believe that probable cause existed." Robison v. Via, 821 F.2d 913, 921 (2d Cir. 1987). The undisputed facts demonstrate that it was objectively reasonable for Sallustio to believe that he had probable cause to make the arrest.

### B. Malicious Prosecution Claim Against Gunning

Desrouleaux's malicious prosecution claim fails because Gunning had probable cause to prosecute him. To prevail on a § 1983 claim for malicious prosecution, a plaintiff must show a violation of his or her Fourth Amendment rights and establish the elements of a malicious prosecution claim under state law. Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002). The elements of a malicious prosecution claim under New York law are "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Murphy v. Lynn, 118 F.3d 938, 944 (2d Cir. 1997). As with claims for false arrest, "the existence of probable cause is a complete defense to a claim of malicious prosecution in New York." Savino v. City of New York, 331 F.3d 63, 72

5

(2d Cir. 2003). Furthermore, "indictment by a grand jury creates a presumption of probable cause that may only be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Id. at 72. (internal quotation marks omitted).

It is undisputed that a grand jury indicted Desrouleaux for the charged offenses. (Pl. Mem. Ex. 6). To rebut the presumption of probable cause, Desrouleaux argues that Gunning fraudulently procured the indictment by failing to tell the grand jury that the physician who examined Dave found no physical evidence of sexual abuse. (Pl. Mem. 9.) He offers no evidence of the omission, but even if he had, the argument is unavailing. Prosecutors have no constitutional obligation to present exculpatory evidence to grand juries. United States v. Williams, 504 U.S. 36, 51-52 (1992). Because Desrouleaux failed to rebut the presumption of probable cause created by the grand jury indictment, Gunning is entitled to summary judgment.

In the alternative, Gunning would also be entitled to absolute prosecutorial immunity. "State prosecutor[s] [have] absolute immunity [from civil liability] for the initiation and pursuit of a criminal prosecution, including presentation of the State's case at trial." Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993). Desrouleaux contends that absolute immunity does not protect Gunning because, after the grand jury indicted Desrouleaux, Gunning "coerc[ed] and coach[ed] potential witnesses" in preparation for trial following the indictment. Desrouleaux does not indicate whose testimony Gunning sought, nor does he offer evidence to support his contention. (Pl. 56.1 Stmt. ¶ 19.) Even if these accusations were true, Desrouleaux's argument fails. The Supreme Court has expressly held that "an out-of-court effort to control the presentation of a witness' testimony [is] entitled to absolute immunity because it is fairly within the prosecutor's function as an advocate," and is thus entitled to the protections of absolute

6

immunity." Buckley, 509 U.S. at 273 (internal quotation marks omitted). Since Desrouleaux failed to show that Gunning's actions fell beyond the scope of her role as a prosecutor, Gunning is entitled to absolute immunity as a matter of law.

### C. Section 1983 Claim Against the City

A municipality may be held liable under § 1983 if its customs or policies resulted in the violation of a plaintiff's constitutional rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Because this court has determined that Desrouleaux suffered no violation of his constitutional rights, the City's motion is granted. See Smith v. Edwards, 175 F.3d 99, 107 (2d Cir. 1999) (granting municipality summary judgment on § 1983 claim in the absence of a constitutional claim).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED. Plaintiff's action is dismissed.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
September 3, 2010

NICHOLAS G. GARAUFIS
United States District Judge